H. STAN JOHNSON
Nevada Bar No. 265
Cohen-Johnson, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89199
Telephone: 702-823-3500
Facsimile: 702-823-3400
sjohnson@cohenjohnson.com
*Attorneys for Petitioner NRT Technology Corp.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NRT TECHNOLOGY CORP.<br><br>Petitioner,<br><br>v.<br><br>THE LAS VEGAS SANDS CORPORATION<br><br>Respondent. | **FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)**<br><br>Case No. _____<br><br>Related Case No.: 1:19-cv-00804<br>NRT Technology Corp. v. Everi Holdings Inc.<br>United States District Court for Delaware<br>Honorable Maryellen Noreika |

**PETITIONER NRT TECHNOLOGY CORP. AND NRT TECHNOLOGIES, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY BY THE LAS VEGAS SANDS CORP.**

NRT Technology Corp. ("Petitioner" or "NRT") respectfully seeks an order compelling the Las Vegas Sands Corp. ("Respondent" or "Sands") to produce documents and a deposition witness in response to NRT's document and deposition subpoenas.

**Procedural Background**

**1.   The Antitrust Suit**

This motion to compel arises out of an antitrust lawsuit between NRT and Everi,[1] two competitors in the business of providing cash access kiosks to gaming and casino facilities. At issue in the antitrust lawsuit is whether Everi used a fraudulently-procured patent—U.S. patent

---
[1] "Everi" includes Everi Holdings Inc. and Everi Payments Inc., as well as their predecessor entities, Global Cash Access Holdings, Inc. and Global Cash Access, Inc. FAC ¶¶ 9-11.

79484583.6

number 6,081,792 (the "'792 Patent" or "3-in-1 Patent")—to procure business from casinos like the Sands between at least 2012 and 2018 as part of an effort to maintain monopoly power in the U.S. market for unmanned, integrated kiosks providing cash access services to casino patrons on gaming facility floors, including but not limited to Point of Sale debit and credit card cash advances and certain automatic teller machine transactions. Raup. Decl. Ex. A, First Amended Complaint ("FAC") ¶¶ 2, 13, 17, 19, 27-30, *NRT Tech. Corp. v. Everi Holdings Inc.*, Civ. No. 19-804 (D. Del.).

The '792 Patent concerns a system and method for withdrawing money from a financial institution after the daily withdrawal limit set by that financial institution has been reached. FAC ¶ 31. The patent has twice been held invalid and is therefore unenforceable. FAC ¶ 33-34. NRT alleges that Everi also knew the patent was invalid since its inception, but nevertheless used it to interfere with NRT's relationships with casinos like the Sands. FAC ¶¶ 19, 28, 35, 45.

[redacted]

2

79484583.6

[REDACTED]

### 2. The Sands Subpoenas

On July 9, 2021, NRT served subpoenas on the Sands seeking documents and testimony about the Sands' analysis of the competing bids it received from Everi and NRT and the reasons for its decisions to award a contract to Everi in 2014-2015. Raup Decl. ¶ 5-6. On July 23, 2021, the Sands' outside counsel sent a letter objecting in full to NRT's document subpoena and deposition subpoena. *Id.* ¶ 8; *see also* Ex. I. In the letter, Sands' counsel refused to produce documents or a witness. *Id.*

To facilitate the production of documents and reduce the burden on the Sands, NRT's counsel identified four specific custodians, a limited date range, and proposed search criteria for responding to NRT's document subpoena. *Id.* ¶ 9; *see also* Ex. J.

In response to NRT's efforts to eliminate any undue burden (none of which has been identified as of the date of this motion), counsel for the Sands stated that the Sands "stands on its previously-provided objections." *Id.* ¶ 10; *see also* Ex. K.

On August 13, 2021, NRT's counsel again sought to explain to the Sands: (1) why the requested documents are relevant and discoverable, (2) why any concerns as to confidentiality are addressed by the Protective Order already entered in the United States District Court for the District of Delaware; and (3) why Sands' claims of undue burden are both unsubstantiated and incorrect. *Id.* ¶ 11 *see also* Ex. L.

On August 18, 2021, counsel for NRT and the Sands participated in a telephonic meet and confer in an attempt to narrow or resolve Sands' objections to NRT's subpoenas. *Id.* ¶ 12. During that telephone conference, counsel for the Sands indicated that the Sands will not produce any

79484583.6

documents nor a witness to testify on any subject unless ordered to do so by the Court and that nothing would change its position. *Id*.

NRT further inquired as to whether the Sands had undertaken any investigation to determine whether it has emails and electronic documents of the four custodians whose files NRT asked Sands to search. *Id.* at ¶ 13. Counsel for the Sands indicated that the Sands had not and that despite a final proffer from NRT to modify the search protocol to request only emails from 2014 forward, the Sands still refused to undertake a search. *Id.* Counsel for the Sands reiterated that the Sands will produce nothing without a Court order and that further meet-and-confer discussions would not be productive. *Id.*

**Points and Authorities in Support of NRT's Motion to Compel**

NRT respectfully asks that the Court compel Sands' compliance with its document and deposition subpoenas for the following reasons.

**1.    Sands' Documents and Testimony About Everi's Proposals to Provide Cash Access Services to Sands Are Clearly Relevant to This Case.**

The Sands claims NRT's subpoenas seek information that is irrelevant to NRT's antitrust claims because they seek information "not germane to Everi's patent application or its litigation strategies." Raup. Decl. Ex. K. The anticompetitive conduct at issue in this litigation includes Everi's threats of sham patent litigation in marketing materials to win casino accounts. ▮

▮

▮

▮

▮

▮

▮

▮

79484583.6

1 ███████████████████████████████████
2 ███

The Sands has made no effort to establish the irrelevance of NRT's discovery and has failed meet its "heavy burden" to show why NRT's discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (once the moving party makes an initial showing of relevance and a good-faith attempt to confer, the resisting party then carries a "heavy burden" of demonstrating why discovery should be denied); *Plant Genetic Sys., N.V. v. Northrup King Co.*, 6 F. Supp. 2d 859, 861-862 (E.D. Mo. 1998) ("A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.").

### 2. Sands' Burden Claims Are Unsubstantiated.

The Sands claims that producing any documents would subject it to an "immense" and "massive" burden. Raup Decl., Ex. K. But the Sands provides no detail on the number of documents that would have to be reviewed or costs associated with that collection and review. The Sands does not appear to have even tried to assess its actual burden by determining the quantity of potentially relevant documents in its possession. Raup Decl., ¶ 13. The Sands' burden arguments are therefore unsubstantiated and leave NRT with no way to meaningfully tailor its search term proposal to Sands' purported concerns despite numerous proactive efforts to do so. *Id.* at ¶¶ 9, 11, 13. The Sands also makes no counterproposal to NRT's proactive efforts and indicates that it refuses to do so absent court order requiring the same. *Id.* at ¶ 12.

Because the Sands fails to meet its burden of providing detailed explanations for why the discovery sought is overly burdensome, the Court is requested to order production of responsive, non-privileged documents. *See MetroPCS v. A2Z Connection, LLC*, 2020 WL 127550, at *1 (D. Nev. Jan. 10, 2020) (finding that a subpoenaed third-party "resisting discovery bears the burden

79484583.6

of showing why that discovery should not be permitted by stating, in detail, the reasons why each request is objectionable. Boilerplate, generalized objections are equivalent to making no objection at all.").

### 3. Sands' Confidentiality Concerns Have Been Addressed.

Sands also refuses to comply with NRT's subpoenas on the grounds that they seek information that the Sands regards as "proprietary and highly confidential trade secrets." Raup Decl., Ex. K. NRT encountered similar concerns several months ago when another casino raised similar confidentiality concerns responsive to a nearly identical document subpoena. In response, the protective order governing the antitrust action was amended to clarify that that information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" cannot be shared with any internal personnel of the parties or third-parties; that is, the information is accessible only to outside counsel. Raup Decl. ¶ 7 and Ex. H (ordering that in-house counsel for the parties are "specifically prohibited from accessing materials designated 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' by any party or third party"). A copy of the protective order in the antitrust case (D.I. 53) as later amended (D.I. 97) was attached to NRT's subpoenas to the Sands. Raup Decl. ¶ 7 and Ex. G and H.

These protections, which permit the Sands to apply an "attorneys' eyes only" confidentiality designation to its documents and testimony, satisfy any concern about the disclosure of confidential information. *WideVoice Communications, Inc. v. Qwest Communications Co.*, 2012 WL 1439071, at *4 (D. Nev. Apr. 26, 2012) (granting a motion to compel a third-party production because confidentiality concerns were appropriately addressed through the operative protective order, which had designations for "confidential" and "attorneys' eyes only" documents); *see also In re O'Keeffe,* 646 F. App'x 263, 268–69 (3d Cir. 2016) ("And as to whether the subpoena would be unduly intrusive, the District Court acted within its discretion

79484583.6

in finding that confidentiality concerns could be adequately addressed by protective orders or redactions."); Spurbeck v. Wyndham Destinations, Inc., 2021 WL 2327052, at *1 (D. Nev. May 3, 2021) ("Moreover, it appears that a significant portion of the dispute can be resolved through the entry of a standard protective order to address confidentiality concerns…").

Moreover, the Sands has provided no explanation as to why these protections are insufficient. Nor has the Sands proposed any additional protections that would address its concerns. Raup Decl., ¶ 12-13. For these reasons, the Sands objection provides no basis for its refusal to comply with the subpoena.

## Conclusion

The Sands has articulated no valid basis for its blanket refusal to comply with NRT's document and deposition subpoenas. The Court should compel the Sands' compliance as set forth in the proposed order filed herewith.

Dated: August 23, 2021

COHEN-JOHNSON

By: /s/ H. Stan Johnson
H. Stan Johnson, Esq.
Cohen-Johnson, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
702-823-3500
702-823-3400 fax
sjohnson@cohenjohnson.com
*Attorneys for Petitioner NRT Technology Corp.*

79484583.6